# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERICA WATSON, | ) |
|         Plaintiff, | ) |
| vs. | )    Case No. CIV-09-979-M |
| LIFESHARE TRANSPLANT DONOR SERVICES OF OKLAHOMA, INC., et al., | ) |
|         Defendants. | ) |

## ORDER

Before the Court is plaintiff's Emergency Motion to Compel and for Sanctions, filed August 17, 2011. On August 18, 2011, defendant LifeShare Transplant Donor Services of Oklahoma, Inc. ("LifeShare") filed its response. Based upon the parties' submissions, the Court makes its determination.

This case arises out of the transplantation of a kidney, which plaintiff alleges was infected with tuberculosis, into plaintiff. Plaintiff alleges that the Organ Procurement Organization, LifeShare, was negligent in screening and accepting this donor or informing plaintiff's transplant physicians of facts necessary to make an informed decision related to the kidney.

On January 4, 2010, LifeShare served its Initial Disclosures on plaintiff pursuant to Federal Rule of Civil Procedure 26(a)(1)(A). Rule 26(a)(1)(A)(ii) provides that the following must be initially provided to the other parties:

> a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(ii). In its Initial Disclosures, LifeShare erroneously stated the following as the production required:

> a copy of, or description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

LifeShare's Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures [docket no. 37] at 1. In response, LifeShare stated: "The organ donor chart of the subject donor is maintained by Defendant LifeShare and is available for inspection and copying upon request at the offices of The Berry Firm, P.L.L.C. at a mutually convenient date and time." *Id*. at 1-2. No report or investigation was identified in LifeShare's Rule 26(a)(1) initial disclosures.

On May 14, 2010, plaintiff served her First Request for Admissions, First Set of Interrogatories and First Request for Production. LifeShare provided responses to these discovery requests on July 9, 2010. Plaintiff did not request copies of any incident reports or any documents regarding any investigation of the facts surrounding the offering of the donor's organs for transplantation in her discovery requests. LifeShare contends that since plaintiff never requested any incident reports or documents regarding LifeShare's investigation of this incident, and the fact that Rule 26 only requires a defendant to produce documents that it "may use to support its claims or defenses", LifeShare never identified any such documents in its disclosures or responses to plaintiff's discovery requests.

On July 19, 2011, the deposition of Shane Pennington, the lead Organ Procurement Coordinator assigned to the donor from whom the kidney at issue was obtained[1], was conducted.

---

[1] Mr. Pennington no longer works for LifeShare.

2

It was during this deposition that counsel for both parties first learned of the existence of an incident report that was prepared by LifeShare for UNOS (United Network for Organ Sharing). At that time, plaintiff's counsel asked LifeShare's counsel for copies of incident reports, and LifeShare's counsel agreed to produce any incident reports that were in the possession of LifeShare. On July 29, 2011, LifeShare provided plaintiff with the incident report referenced by Mr. Pennington, which LifeShare states is the only incident report in its possession.

During the continuation of Mr. Pennington's deposition on August 16, 2011, it became apparent that LifeShare did conduct an investigation about the events surrounding the subject donor. According to LifeShare, no formal written documents were prepared by it of that investigation until about May 2010, almost three years after the subject incident, when LifeShare prepared a document entitled "Quality Systems Evaluation, TB Case of 2007, Opportunities for Improvement."

Plaintiff's counsel has asked LifeShare's counsel for a copy of the internal report. LifeShare's counsel has advised plaintiff's counsel that he will not produce the internal report because said report is subject to the peer review privilege. Plaintiff now moves the Court to compel LifeShare to immediately produce the internal report and any other documents related to LifeShare's own internal investigation and for sanctions against LifeShare for failure to properly provide information in its initial disclosures.

LifeShare asserts that it did not produce the internal report or any other documents related to the internal investigation in its initial disclosures because it did not intend to use said documents to support its defense of plaintiff's allegations. LifeShare also asserts that plaintiff never requested said documents in any formal discovery request and that it is not, therefore, proper for plaintiff to bring the instant motion to compel. Further, LifeShare states that if plaintiff makes a formal request,

it will respond and provide a privilege log of documents it is withholding because of privilege. Finally, LifeShare asserts that said documents are private, privileged, and confidential pursuant to Okla. Stat. tit. 63, § 1-1709.1.

Having carefully reviewed the parties' submissions, the Court finds that LifeShare was not required under the actual language of Rule 26(a)(1)(A)(ii) to provide a copy of the internal report or any other documents regarding the internal investigation as part of its initial disclosure because LifeShare did not intend to use said documents to support its defense of plaintiff's allegations. While LifeShare clearly erred in setting forth the required disclosure in its filing, that error did not serve to broaden the requirements under Rule 26(a)(1)(A). Additionally, the Court finds that plaintiff has never formally requested the production of the documents at issue. LifeShare, therefore, was not required to formally respond to plaintiff's request nor required to produce a privilege log.

Finally, the Court finds that the internal report and any other documents related to LifeShare's own internal investigation of the facts surrounding this case are privileged under Okla. Stat. tit. 63, § 1-1709.1. That section provides, in pertinent part:

> Peer review information shall be private, confidential and privileged except that a health care facility or county medical society shall be permitted to provide relevant peer review information to the state agency or board which licenses the health care professional who provided the health care services being reviewed in a peer review process or who is the subject of a credentialing or recredentialing process, with notice to the health care professional.

Okla. Stat. tit. 63, § 1-1709.1(B)(1). That section further defines "peer review information" and "peer review process" as follows:

> 5. "Peer review information" means all records, documents and other information generated during the course of a peer review process,

> including any reports, statements, memoranda, correspondence, record of proceedings, materials, opinions, findings, conclusions and recommendations, credentialing data and recredentialing data . . . .
>
> 6. "Peer review process" means any process, program or proceeding, including a credentialing or recredentialing process, utilized by a health care facility or county medical society to assess, review, study or evaluate the credentials, competence, professional conduct or health care services of a health care professional.

Okla. Stat. tit. 63, § 1-1709.1(A)(5),(6). Having reviewed the affidavit of Linda Belcher, the Director of Quality Systems for LifeShare, the Court finds that the documents at issue fall within the statute's definition of peer review information. The Court, therefore, finds that said documents are privileged pursuant to § 1-1709.1(B)(1).

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Emergency Motion to Compel and for Sanctions [docket no. 79].

**IT IS SO ORDERED this 18th day of August, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE